## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

BOBBY DALE ZACHRY,                )
                                  )
                Plaintiff,        )
                                  )
v.                                )     Case No. CIV-09-178-FHS
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
                Defendant.        )

### REPORT AND RECOMMENDATION

Plaintiff Bobby Dale Zachry (the "Claimant") requests judicial
review of the decision of the Commissioner of the Social Security
Administration (the "Commissioner") denying Claimant's application
for disability benefits under the Social Security Act.  Claimant
appeals the decision of the Administrative Law Judge ("ALJ") and
asserts that the Commissioner erred because the ALJ incorrectly
determined that Claimant was not disabled.  For the reasons
discussed below, it is the recommendation of the undersigned that
the Commissioner's decision be REVERSED and REMANDED for further
proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful

work which exists in the national economy. . ."  42 U.S.C.

§423(d)(2)(A).  Social Security regulations implement a five-step

sequential process to evaluate a disability claim.  *See*, 20 C.F.R.

§§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited

in scope by 42 U.S.C. § 405(g).  This Court's review is limited to

---

Step one requires the claimant to establish that he is not engaged
in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510,
416.910.  Step two requires that the claimant establish that he has a
medically severe impairment or combination of impairments that
significantly limit his ability to do basic work activities.  20 C.F.R.
§§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful
activity (step one) or if the claimant's impairment is not medically
severe (step two), disability benefits are denied.  At step three, the
claimant's impairment is compared with certain impairments listed in 20
C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed
impairment or impairments "medically equivalent" to a listed impairment
is determined to be disabled without further inquiry.  If not, the
evaluation proceeds to step four, where claimant must establish that he
does not retain the residual functional capacity ("RFC") to perform his
past relevant work.  If the claimant's step four burden is met, the
burden shifts to the Commissioner to establish at step five that work
exists in significant numbers in the national economy which the claimant
– taking into account his age, education, work experience, and RFC – can
perform.  Disability benefits are denied if the Commissioner shows that
the impairment which precluded the performance of past relevant work does
not preclude alternative work.  *See generally*, Williams v. Bowen, 844
F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 13, 1963 and was 44 years old at the time of the ALJ's decision. Claimant completed his education through the twelfth grade. Claimant worked in the past as a hairdresser. Claimant alleges an inability to work beginning

January 1, 2002 due to depression, panic disorder, mood swings, schizophrenia, and substance induced psychotic disorder.

## Procedural History

On January 19, 2005, Claimant protectively filed for supplemental security income under Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 13, 2007, an administrative hearing was held before ALJ Deborah Rose in Paris, Texas. On February 26, 2008, the ALJ issued an unfavorable decision on Claimant's application. On March 5, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of heavy work if he stopped substance abuse but was disabled if he did not stop the abuse.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to apply the correct legal standard in evaluating the opinion of Claimant's treating psychiatrist; and (2) making a finding on the materiality of substance abuse which is not supported by substantial evidence.

## Treating Physician's Opinion

Claimant contends the ALJ failed to consider the opinions of his treating psychiatrist, Dr. David Lovelace. Dr. Lovelace authored a letter dated September 10, 2007 which states, in relevant part

- Dr. Gary Morganville of Arbuckle Memorial Hospital stated in November of 2002 that Claimant carried a diagnosis of Paranoid Schizophrenia. Claimant stated both his mother and grandmother suffered from schizophrenic/psychotic disorders. He estimates it is a "high probability" that Claimant's psychotic disorder is based upon genetic factors resulting in an organic brain disorder that has the residuals of hearing and seeing things that are not there.

- Claimant suffers from hallucinations that results in gross impairment in reality testing. These symptoms may not allow Claimant "to function in any role where he would have to

secure and maintain employment."

- Claimant also carries the diagnosis of Amphetamine Induced Psychotic Disorder, With Onset During Withdrawal. Claimant may not cease having hallucinations just because he discontinues the use of amphetamines.

(Tr. 172).

On November 6, 2002, Claimant was admitted into Arbuckle Memorial Hospital for a psychiatric evaluation. At that time, he had paranoid delusional thinking and auditory/visual hallucinations, including some command-type auditory hallucinations involving him breaking into a building. Claimant was diagnosed at Axis I: Polysubstance Dependence, Alcohol Dependence, Psychotic Disorder, NOS, Probably Paranoid Schizophrenia; Axis II: Deferred; Axis III: T & A; Axis IV: Psychosocial Stressors, Comorbid Disorder; Lack of Follow Up - Severe; Axis V: GAF = 30 on admission. (Tr. 326-27).

On July 15, 2003, Claimant stated he heard 20 voices, mostly women, having conversations with him, although they were not suicidal or homicidal command/ideation. He stated the voices caused conflict with daily activities and caused anxiety when he ignored the voices. He did not report visual hallucinations.

In June of 2004, Claimant was diagnosed with schizophrenia and

6

depression. (Tr. 278-79). In October of 2004, he was diagnosed with methamphetamine induced psychotic disorder because his symptoms began when he started using drugs. (Tr. 301).

In her decision, the ALJ determined Claimant suffered from the severe impairments of Amphetamine Induced Psychotic Disorder, Amphetamine Related Disorder, and Schzoaffective Disorder. (Tr. 18). She also determined Claimant's impairments, including substance use disorder, met a listing. However, if Claimant ceased substance abuse, the ALJ found the remaining limitations would have a minimal impact upon his ability to perform basic work activities. (Tr. 21).

It is clear from a review of the ALJ's decision that she did not consider Dr. Lovelace's opinion stated in the letter of September 10, 2007. Defendant contends the letter was actually authored by the other signatory to it, Richard D. Beishline, Claimant's counselor. This may or may not be the case. But, in any event, Dr. Lovelace who had acted as Claimant's treating psychiatrist signed the letter reflecting the opinions stated therein as his. As such is the case, this Court considers it the opinion of a treating physician. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."

Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons"

8

for the weight he ultimately assigns the opinion. 20 C.F.R. §
404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th
Cir. 2004)(citations omitted). Any such findings must be
"sufficiently specific to make clear to any subsequent reviewers
the weight the adjudicator gave to the treating source's medical
opinions and the reason for that weight." Id. "Finally, if the
ALJ rejects the opinion completely, he must then give specific,
legitimate reasons for doing so." Watkins, 350 F.3d at 1301
(quotations omitted).

The ALJ gave Dr. Lovelace's opinion no weight and does not
recognize the existence of the letter in question. The opinion
stated in the letter would call into question the ALJ's ultimate
conclusion that Claimant's substance abuse was the originating
factor for Claimant's mental impairments rather than any organic
brain condition. On remand, the ALJ shall consider Dr. Lovelace's
opinions and set forth the weight afforded the opinion with
justification for affording it reduced weight.

**Proper Consideration of the Effect of Claimant's Substance Abuse**

Claimant also contends the ALJ erred in finding his substance
abuse material to the question of his disability, given Dr.
Lovelace's opinion that Claimant's condition is both genetically
based and organic in origin. Since this Court has determined the

9

ALJ failed to consider Dr. Lovelace's opinion in her decision, she shall reconsider the issue of materiality after she has considered the opinion of Dr. Lovelace and the weight it will be given.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE